# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| The Center for Reproductive Rights<br>199 Water Street,<br>New York, N.Y. 10038,<br>                       *Plaintiff*,<br>  v.<br>U.S. Department of Health and Human Services<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201<br><br>U.S. Food and Drug Administration<br>10903 New Hampshire Avenue<br>Silver Spring, MD 20993,<br>                       *Defendants*. | Civil Action No.<br>                  1:25-cv-03023-RCL<br><br>Judge: Royce Lamberth |

**AMENDED COMPLAINT**

**NATURE OF ACTION**
(Freedom of Information Act)

Plaintiff, the Center for Reproductive Rights ("the Center" or "Plaintiff"), brings this action against Defendants, the U.S. Department of Health and Human Services ("HHS") and the U.S. Food and Drug Administration ("FDA"), to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

As further alleged below, the information that the Center seeks about HHS' and FDA's decision to review mifepristone, the process FDA plans to use to conduct such a review, the influence HHS or other parties have in the FDA's review, and whether FDA has considered or will consider data from third parties in the review are directly relevant to the Center's mission. Founded in 1992, the Center works to ensure reproductive rights are protected in law as fundamental human rights for the dignity, equality, health, and well-being of every person. The Center uses its legal

1

expertise to defend access to sexual and reproductive health services. The Center is particularly concerned with potential risks to mifepristone access, which will harm the millions of patients who rely on the drug for essential health care. This information is vital to the public interest as mifepristone has been declared safe and effective for abortion by the FDA for over 20 years.

Defendants have not claimed that the requested information is subject to any FOIA exceptions or privilege and have not advanced any other reason why it should not be disclosed. Despite the clear statutory requirement that an agency respond to a FOIA request within 20 days, Defendants failed to provide a final determination or produce any documents in response to ~~either of~~ the Center's FOIA requests. The Center seeks to compel Defendants to comply with their obligations under FOIA and promptly produce the requested records.

## PARTIES

1. Plaintiff, the Center for Reproductive Rights, is a 501(c)(3) non-profit corporation incorporated under the laws of the State of New York and headquartered at 199 Water Street, New York, NY 10038. The Center for Reproductive Rights is dedicated to using the power of law to advance reproductive rights as fundamental human rights around the world. It is the only global legal advocacy organization dedicated to reproductive rights, and its litigation and advocacy has played a key role in expanding access to reproductive health care around the world.

2. Defendant U.S. Department of Health and Human Services ("HHS") is an agency of the United States government under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). HHS is headquartered at 200 Independence Avenue, S.W., Washington, D.C. 20201. HHS has possession, custody, and control of the documents that Plaintiff seeks in response to the FOIA request.

3. Defendant U.S. Food and Drug Administration ("FDA") is an agency of the United States government under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1). FDA is headquartered at

10903 New Hampshire Avenue, Silver Spring, MD 20993. FDA has possession, custody, and control of the documents that Plaintiff seeks in response to the FOIA request.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, 2201, and 2202, and 5 U.S.C. § 552(a)(4)(B).

5. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. Because Defendants failed to comply with the requirements to respond set forth in 5 U.S.C. § 552(a)(6)(A), the Center is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendants from continuing to withhold responsive records and ordering the production of improperly withheld records, *see* 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

7. The Center filed ~~two~~five FOIA requests ~~to~~with Defendants seeking records concerning Defendants' review of mifepristone.

**I.      July 18, 2025 FOIA Request to FDA Regarding Review of Mifepristone**

8. On July 18, 2025, the Center submitted through the FDA's FOIA Submission Site a FOIA request seeking records concerning the FDA's review of mifepristone, a drug approved by the FDA for medical termination of pregnancy, and the role third-party data will play in such a review.

9. On April 24, 2025, FDA Commissioner Dr. Marty Makary stated that he "ha[d] no plans to take action on mifepristone" but emphasized that he is a "data guy" and believes in the

need to "evolve" as more data is presented.[1] In an interview with PBS News Hour, Dr. Makary stated that "an ongoing set of data [] is coming into FDA on mifepristone" and depending on what the data indicates, he could not "promise [they were] not going to act on that data."[2]

10. Four days after Dr. Makary's remarks, on April 28, 2025, the Ethics and Public Policy Center ("EPPC") released a publication on mifepristone, claiming the medication causes 1 in 10 patients to experience what EPPC refers to as a "serious adverse event."[3] The publication was not published in a peer-reviewed scientific journal, its authors lack medical training, and its authors did not disclose the data source, so the findings cannot be reproduced or verified.[4]

11. On April 28, 2025, Senator Josh Hawley sent a letter to Dr. Makary, which cited the EPPC publication and asked Dr. Makary whether the FDA would (1) take action to restore barriers to mifepristone access; (2) adjust the drug label for mifepristone "given this new information"; and (3) review mifepristone's effects on users.[5]

---

[1] Amna Nawaz, *What the New FDA Commissioner Says About Possible Restrictions on Abortion Medication*, PBS NEWSHOUR (Apr. 24, 2025, 6:30 PM), https://www.pbs.org/newshour/show/what-the-new-fda-commissioner-says-about-possible-restrictions-on-abortion-medication.

[2] *Id.*

[3] Jamie Bryan Hall & Ryan T. Anderson, *The Abortion Pill Harms Women: Insurance Data Reveals One in Ten Patients Experiences a Serious Adverse Event*, ETHICS & PUBLIC POLICY CENTER (Apr. 28, 2025), https://eppc.org/publication/insurance-data-reveals-one-in-ten-patients-experiences-a-serious-adverse-event/.

[4] Sara Moniuszko, *FDA to "Review the Latest Data" On Mifepristone. What Could it Mean for Access to the Abortion Pill?*, CBS NEWS (June 5, 2025, 10:46 AM), https://www.cbsnews.com/news/fda-review-mifepristone-abortion-pill-access/.

[5] Letter from Senator Josh Hawley to Marty Makary, Comm'r, U.S. Food & Drug Admin. (Apr. 28, 2025), https://www.hawley.senate.gov/wp-content/uploads/2025/04/2025-04-28-Hawley-FDA-Letter-to-Makary.pdf.

12. During a Senate Appropriations Committee hearing on May 22, 2025, following questions about the EPPC publication, Dr. Makary committed that the FDA was "going to take a hard look at [mifepristone]."[6]

13. On June 3, 2025, Dr. Makary replied to Senator Hawley's letter and "committed to conducting a review of mifepristone and working with the professional career scientists at the Agency who review this data."[7]

14. Accordingly, the Center's July 18 FOIA request to the FDA seeks information to better understand the FDA's decision to review mifepristone, the process the FDA plans to use to conduct this review, and whether the FDA will be considering data from EPPC and/or other third parties during such review.

15. A true and correct copy of the FOIA request to FDA is attached as Exhibit A.

16. Shortly following the submission of the FOIA request on the FDA's FOIA Submission Site, the Center received an automated response acknowledging receipt of the FOIA request. A true and correct copy of this acknowledgement is attached as Exhibit B.

17. In a letter dated July 22, 2025, the FDA confirmed receipt of the FOIA request. The letter further provided a tracking number of FDA-FOIA-2025-8830 for this request.

18. A true and correct copy of the FDA's July 22, 2025, letter confirming receipt of the FOIA request is attached as Exhibit C.

---

[6] *Agriculture-FDA on FDA FY26 Budget Before the Subcomm. on Agric., Rural Dev., Food and Drug Admin., and Related Agencies of the S. Comm. on Appropriations*, 119th Cong. (2025).

[7] Josh Hawley (@HawleyMO), X (June 2, 2025, 8:27 PM), https://x.com/HawleyMO/status/1929696353010987013; Alejandra O'Connell-Domenech, *FDA Commissioner Pledges to Investigate Mifepristone*, THE HILL (June 3, 2025, 2:31 PM), https://thehill.com/policy/healthcare/5330774-marty-makary-fda-mifepristone-review/.

## II. July 21, 2025 FOIA Request to HHS Regarding Review of Mifepristone

19. On July 21, 2025, the Center submitted through HHS' FOIA Submission Site a FOIA request seeking records concerning HHS' and the FDA's decision to review mifepristone.

20. During a Senate Health, Education, Labor, and Pensions (HELP) Committee hearing on May 14, 2025, HHS Secretary Robert F. Kennedy, Jr. addressed the EPPC publication on mifepristone and stated that "[i]t's alarming, and it indicates that at the very least, the label should be changed," noting that he had asked Dr. Makary to "do a complete review and report back."[8]

21. During a Senate Finance Committee hearing on September 4, 2025, when asked about the ongoing FDA mifepristone review and its timing, HHS Secretary Robert F. Kennedy, Jr. stated, "I can't give you the exact timing. I talked to Marty Makary about it yesterday, and he said it is progressing at pace. We're getting data in all the time, new data that we're reviewing.… we're following gold standard science on that. I will keep you abreast on that."[9]

22. Accordingly, the Center's FOIA request to HHS seeks information on whether the FDA will be considering data from EPPC and/or other third parties during the review, and what influence HHS leadership and staff may exert over the FDA's review of mifepristone and decision making.

23. A true and correct copy of the FOIA request to HHS is attached as Exhibit D.

---

[8] Press Release, Senator Josh Hawley, Hawley Secures Pledge from RFK to Review 'Alarming' Mifepristone Data, Support Bill Cracking Down on Big Pharma Ads (May 14, 2025), https://www.hawley.senate.gov/hawley-secures-pledge-from-rfk-to-review-alarming-mifepristone-data-support-bill-cracking-down-on-big-pharma-ads/.

[9] The President's 2026 Health Care Agenda: Hearing Before the S. Fin. Comm., 119 Cong. 1st Sess., Sept. 4, 2025, available at https://www.finance.senate.gov/hearings/the-presidents-2026-health-care-agenda (last accessed Sept. 4, 2025).

24. Shortly following the submission of the FOIA request on HHS' FOIA Submission Site, the Center received a response acknowledging receipt of the FOIA request and assigning the tracking number #2025-03366-FOIA-OS. A true and correct copy of this acknowledgement is attached as Exhibit E.

### III. September 19, 2025 FOIA Request to FDA Regarding AI Tool Elsa

25. On September 19, 2025, the Center submitted through the FDA's FOIA Submission Site a FOIA request seeking records concerning the FDA's use of Elsa in general and in relation to the FDA's review of mifepristone.

26. On June 2, 2025, FDA announced the launch of Elsa, a generative AI tool that was designated to be used by FDA employees including its scientific reviewers.[10] FDA has publicly remarked that "[t]he agency is already using Elsa to accelerate clinical protocol reviews, shorten the time needed for scientific evaluations, and identify high-priority inspection targets."[11]

27. Elsa has cost taxpayers $13.8 million to develop the original database and an additional $14.7 million to scale across FDA.[12]

28. Users of Elsa have reported its unreliability and that it sometimes "hallucinates" and cites studies that do not exist.[13] Concerns have been raised that there is insufficient oversight

---

[10] Press Release, U.S. Food & Drug Admin., *FDA Launches Agency-Wide AI Tool to Optimize Performance for the American People*, FDA (June 2, 2025), https://www.fda.gov/news-events/press-announcements/fda-launches-agency-wide-ai-tool-optimize-performance-american-people.

[11] *Id.*

[12] Beth Mole, *FDA rushed out agency-wide AI tool—it's not going well*, Ars Technica (June 5, 2025), https://arstechnica.com/health/2025/06/fda-rushed-out-agency-wide-ai-tool-its-not-going-well/.

[13] Chris Mazzolini & Mike Hollan, *FDA's Elsa AI Tool Raises Accuracy and Oversight Concerns*, Applied Clinical Trials (July 23, 2025), https://www.appliedclinicaltrialsonline.com/view/fda-elsa-ai-tool-raises-accuracy-and-oversight-

7

of Elsa to understand what guardrails exist, for instance human review of the information generated by Elsa, to ensure that regulatory decisions are accurate and based on reliable information and science.[14]

29. Around the same time, on June 3, 2025, FDA Commissioner Dr. Makary replied to a letter from Senator Josh Hawley and "committed to conducting a review of mifepristone[.]"[15]

30. Accordingly, the Center's September 19 FOIA request to the FDA seeks information to better understand how the FDA is using Elsa and any role Elsa is playing in FDA's review of mifepristone. The Center seeks to increase transparency about the FDA's use of AI in drug reviews.

31. A true and correct copy of the FOIA request to FDA is attached as Exhibit F.

32. In a letter dated September 22, 2025, the FDA confirmed receipt of the FOIA request. The letter further provided a tracking number of FDA-FOIA-2025-11105 for this request.

33. A true and correct copy of the FDA's September 22, 2025, letter acknowledging receipt of the FOIA request is attached as Exhibit G.

IV. **September 26, 2025 FOIA Request to FDA Regarding FAERS Reporting**

34. On September 26, 2025, the Center submitted through the FDA's FOIA Submission Site a FOIA request seeking (1) summary FAERS reporting for mifepristone for Quarter Two of

---

concerns; Sarah Owermohle, *FDA's artificial intelligence is supposed to revolutionize drug approvals. It's making up studies*, CNN (July 23, 2025), https://www.cnn.com/2025/07/23/politics/fda-ai-elsa-drug-regulation-makary.

[14] *Id.*

[15] Josh Hawley (@HawleyMO), X (June 2, 2025, 8:27 PM), https://x.com/HawleyMO/status/1929696353010987013; Alejandra O'Connell-Domenech, *FDA Commissioner Pledges to Investigate Mifepristone*, THE HILL (June 3, 2025, 2:31 PM), https://thehill.com/policy/healthcare/5330774-marty-makary-fda-mifepristone-review/.

2025 (April 1 – July 31, 2025) through the present, and (2) records concerning whether the FDA will be considering data from Operation Rescue in its review of mifepristone.

35. The FDA is currently actively considering policy changes regarding access to mifepristone.

36. On September 18, 2025, Operation Rescue announced it submitted "one-of-a-kind abortion data" to Department of Health and Human Services Secretary Robert F. Kennedy regarding mifepristone.[16] The following day, Secretary Kennedy and FDA Commissioner Dr. Makary sent a letter to state Attorney Generals which claimed that the FDA will conduct a study of the safety of the current Risk Evaluation and Mitigation Strategy (REMS) for mifepristone to determine whether modifications are necessary.[17] The letter claimed that the FDA will conduct its own review of "real-world outcomes and evidence" relating to mifepristone.[18]

37. Accordingly, the Center's September 19 FOIA request to the FDA seeks information to better understand the FDA's decision to review mifepristone, including its reliance on FAERS reporting for Quarter Two of 2025 for mifepristone, and communications with and data received from Operation Rescue as part of the review.

38. A true and correct copy of the FOIA request to FDA is attached as Exhibit H.

39. In a letter dated September 29, 2025, the FDA confirmed receipt of the FOIA request. The letter further provided a tracking number of FDA-FOIA-2025-11324 for this request.

---

[16] Sarah Neely, *Operation Rescue Submits One-Of-A-Kind Abortion Data to RFK and His Review of Mifepristone*, Operation Rescue (Sept. 18, 2025), https://www.operationrescue.org/operation-rescue-submits-one-of-a-kind-abortion-data-to-rfk-and-his-review-of-mifepristone/.

[17] *Trump Admin., RFK Jr., Moves to Address, Assess, Safety of Abortion Pill After Years of FDA Negligence*, The Gateway Pundit (Sept. 2025), https://www.thegatewaypundit.com/2025/09/trump-admin-rfk-jr-moves-address-assess-safety/.

[18] *Id.*

9

40.     A true and correct copy of the FDA's September 29, 2025, letter confirming receipt of the FOIA request is attached as Exhibit I.

**V.      September 26, 2025 FOIA Request to FDA Regarding Environmental Impact**

41.     On September 26, 2025, the Center submitted through the FDA's FOIA Submission Site a FOIA request seeking records concerning the FDA's review of mifepristone, whether the FDA is reviewing the approval on an environmental basis, and whether the FDA will be considering any information from Students for Life, Liberty Counsel, and/or additional third parties in the review.

42.     The FDA approved the medication abortion Mifeprex (known by its active ingredient mifepristone) in 2000.[19] As part of that approval, the sponsor of Mifeprex submitted an environmental assessment in support of the drug application in accordance with the National Environmental Policy Action's requirements.[20] The assessment and the FDA both agreed that the excretion of Mifeprex by patients who used the drug was unlikely to have a significant impact on the environment.[21]

---

[19] Mifeprex, Drug Approval Package, U.S. Food & Drug Admin., https://www.accessdata.fda.gov/drugsatfda_docs/nda/2000/20687_mifepristone.cfm.

[20] Response Letter from FDA CDER to Students for Life of America at 2-4 (Jan. 15, 2025), https://www.regulations.gov/document/FDA-2023-P-3328-0004.

[21] *Id.*

10

43. Students for Life and Liberty Counsel have made claims regarding the environmental impact of mifepristone.[22] Scientists, including the FDA, have found no credible evidence of any environmental impact.[23]

44. HHS Secretary Kennedy recently published The MAHA Report, which raises broad concerns about environmental toxins in the water.[24]

45. As such, the Center's September 26 FOIA request to the FDA seeks information to better understand whether the FDA is reviewing the approval of mifepristone on an environmental basis and considering any information from third parties, such as Students for Life and Liberty Counsel, regarding environmental impacts in the review.

46. A true and correct copy of the FOIA request to FDA is attached as Exhibit J.

47. In a letter dated September 29, 2025, the FDA confirmed receipt of the FOIA request. The letter further provided a tracking number of FDA-FOIA-2025-11316 for this request.

48. A true and correct copy of the FDA's September 29, 2025, letter confirming receipt of the FOIA request is attached as Exhibit K.

---

[22] *See, e.g.*, Liberty Counsel Action, Abortion in Our Water: A Special Report (2025), https://lcaction.org/LCA-PDFs/AbortionInOurWater-.pdf; Ariel Wittenberg & Alice Miranda Ollstein, *'Using the devil's own tools against them': Abortion opponents turn to environmental laws*, Politico (Jan. 30, 2025), https://www.politico.com/news/2025/01/30/abortion-opponents-environmental-laws-00201423.

[23] *See, e.g.*, Response Letter from FDA CDER to Students for Life of America at 7–21 (Jan. 15, 2025), https://www.regulations.gov/document/FDA-2023-P-3328-0004; Joedy McCreary, *Abortion Contaminants in the Water Supply: Are the Rumors True?*, MedPage Today (Sept. 16, 2025), https://www.medpagetoday.com/obgyn/abortion/117489.

[24] The MAHA Report at 43-45 (2025), https://www.whitehouse.gov/wp-content/uploads/2025/05/MAHA-Report-The-White-House.pdf.

## ~~III.~~VI.     FDA and HHS' Failure to Adequately Respond to the Center's FOIA Requests

~~25.~~1.   ~~On July 18, 2025, the FDA acknowledged receipt of the Center's FOIA request to FDA.~~

~~26.~~1.   ~~On July 21, 2025, HHS acknowledged receipt of the Center's FOIA request to HHS.~~

~~27.~~49.   Pursuant to FOIA, within 20 business days of receipt of the Center's requests, FDA and HHS were required to "determine . . . whether to comply with such request" and to "immediately notify" the Center of "such determination and the reasons therefor," and, in the case of an adverse determination, the Center's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

   **a.**   ~~Thus, for the Center's~~ **July 18, 2025 FOIA** ~~request~~**Request to FDA Regarding Review of Mifepristone**

   50.   On July 18, 2025, the FDA acknowledged receipt of the Center's FOIA request to FDA.

   ~~28.~~51.   Thus, the agency was required to "determine . . . whether to comply with such request" and notify the Center of such determination no later than August 15, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

   **b.**   ~~For the Center's~~ **July 21, 2025 FOIA** ~~request~~**Request to HHS Regarding Review of Mifepristone**

   52.   On July 21, 2025, HHS acknowledged receipt of the Center's FOIA request to HHS.

   ~~29.~~53.   Thus, the agency was required to "determine . . . whether to comply with such request" and notify the Center of such determination no later than August 18, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

### d. September 19, 2025 FOIA Request to FDA Regarding AI Tool Elsa

54. On September 22, 2025, the FDA acknowledged receipt of the Center's FOIA request to FDA.

55. Thus, the agency was required to "determine . . . whether to comply with such request" and notify the Center of such determination no later than October 21, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

### e. September 26, 2025 FOIA Request to FDA Regarding FAERS Reporting

56. On September 29, 2025, the FDA acknowledged receipt of the Center's FOIA request to FDA.

57. Thus, the agency was required to "determine . . . whether to comply with such request" and notify the Center of such determination no later than October 28, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

### f. September 26, 2025 FOIA Request to FDA Regarding Environmental Impact

58. On September 29, 2025, the FDA acknowledged receipt of the Center's FOIA request to FDA.

59. Thus, the agency was required to "determine . . . whether to comply with such request" and notify the Center of such determination no later than October 28, 2025. 5 U.S.C. § 552(a)(6)(A)(i).

\* \* \*

30.60. As of the date of this Complaint, HHS and FDA have failed to (a) notify the Center of any determination regarding its FOIA requests, including the scope of any responsive records HHS and FDA intend to produce or withhold and the reasons for any withholding; or (b) produce

the requested records or demonstrate that the requested records are lawfully exempt from production.

31.61. Through HHS and the FDA's failure to respond to the Center's FOIA requests with a determination regarding the requests or the production of the requested records within the time period required by law, the Center has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I**

**Violation of FOIA, 5 U.S.C. § 552 – FOIA RequestRequests to FDA**

32.62. The Center repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

33.63. FDA is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

34.64. Pursuant to FOIA, 5 U.S.C. § 552(a), the Center has a statutory right to access requested, non-exempt agency records.

35.65. On July 18, 2025, the Center properly requested records within the possession, custody, and control of the FDA concerning the FDA's decision to review mifepristone and the role third-party data will play in such a review.

66. On September 19, 2025, the Center properly requested records within the possession, custody, and control of the FDA concerning the FDA's use of the generative artificial intelligence (AI) tool Elsa in general and in relation to the FDA's review of mifepristone.

67. On September 26, 2025, the Center properly requested records within the possession, custody, and control of the FDA concerning (1) summary FAERS reporting for

14

mifepristone for Quarter Two of 2025 (April 1 – July 31, 2025) through the present, and (2) whether the FDA will be considering data from Operation Rescue in its review of mifepristone.

68.  On September 26, 2025, the Center properly requested records within the possession, custody, and control of the FDA concerning whether the FDA is reviewing the approval of mifepristone on an environmental basis and considering any information from third parties, such as Students for Life and Liberty Counsel, regarding environmental impacts.

36.69.  The FDA failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i), in responding to the FOIA requestrequests.

37.70.  The FDA is wrongfully withholding non-exempt agency records requested by the Center by failing to produce materials responsive to the Center's FOIA requestrequests.

38.71.  The FDA is wrongfully withholding non-exempt agency records requested by the Center by failing to segregate non-exempt information from otherwise exempt records responsive to the FOIA requestrequests.

39.72.  When an agency has "improperly withheld" records, this Court may "enjoin the agency from withholding agency records" and "order the[ir] production." 5 U.S.C. § 552(a)(4)(B).

40.73.  The Center is thus entitled to declaratory and injunctive relief requiring FDA to promptly produce all non-exempt records responsive to the FOIA requestrequests and to provide a *Vaughn* index explaining, with specificity, the bases on which any responsive records are withheld as exempt.[25]

---

[25] 484 F.2d 820 (D.C. Cir. 1973), cert. denied, 415 U.S. 977 (1974) (mem.). A Vaughn index must describe each document claimed as exempt with sufficient specificity "to permit a reasoned judgment as to whether the material is actually exempt under FOIA."10 Moreover, the Vaughn index "must describe each document or portion thereof withheld, and for each withholding it must discuss the consequences of disclosing the sought-after information."

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552 – FOIA Request to HHS

~~41.~~74. The Center repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

~~42.~~75. HHS is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

~~43.~~76. Pursuant to FOIA, 5 U.S.C. § 552(a), the Center has a statutory right to access requested, non-exempt agency records.

~~44.~~77. On July 21, 2025, the Center properly requested records within the possession, custody, and control of HHS concerning HHS' and the FDA's decision to review mifepristone and what influence HHS leadership and staff may exert over the FDA's review of mifepristone and decision making.

~~45.~~78. HHS failed to comply with the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i), in responding to the FOIA request.

~~46.~~79. HHS is wrongfully withholding non-exempt agency records requested by the Center by failing to produce materials responsive to the FOIA request.

~~47.~~80. HHS is wrongfully withholding non-exempt agency records requested by the Center by failing to segregate non-exempt information from otherwise exempt records responsive to the FOIA request.

---

Further, "the withholding agency must supply 'a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.'"

16

48.81. When an agency has "improperly withheld" records, this Court may "enjoin the agency from withholding agency records" and "order the[ir] production." 5 U.S.C. § 552(a)(4)(B).

49.82. The Center is thus entitled to declaratory and injunctive relief requiring HHS to promptly produce all non-exempt records responsive to the FOIA request and to provide a *Vaughn* index explaining, with specificity, the bases on which any responsive records are withheld as exempt.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment for Plaintiff and award the following relief:

a. Order Defendants, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's FOIA requests;

b. Order Defendants, by a date certain, to demonstrate that they have conducted an adequate search;

c. Order Defendants, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's FOIA requests, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

e. Award Plaintiff its costs and attorneys' fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

    f.    Grant Plaintiff such other and further relief as the Court may deem just and proper.

DATED: ~~September 5~~December 6, 2025          Respectfully submitted,

By: */s/ Amanda K. Chuzi*
Amanda Chuzi (D.D.C. Bar ID D00627)
Ryan Wheeler (DC Bar No. 1737408) (*pro hac vice* ~~forthcoming~~)
achuzi@cohenmilstein.com
rwheeler@cohenmilstein.com
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Ave. NW, Eighth Floor
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

*Counsel for Center for Reproductive Rights*

18