UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CENTER FOR REPRODUCTIVE RIGHTS,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>        Defendants. | Civil Action No. 25-3023 (RCL) |

## ANSWER

Defendants, the U.S. Department of Health and Human Services ("HHS") and the U.S. Food and Drug Administration ("FDA") (collectively, "Defendants"), by and through undersigned counsel, hereby answer the Amended Complaint (ECF No. 13) filed in this case by Plaintiff, The Center for Reproductive Rights, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations, including the relief sought, not specifically admitted or otherwise responded to below are hereby denied. To the extent the Amended Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their complete and accurate contents in response, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, (3) admissible in this, or any other, action, or (4) substantively accurate.

# AMENDED COMPLAINT[1]

## NATURE OF ACTION
(Freedom of Information Act)

The three unnumbered prefatory paragraphs at the beginning of Plaintiff's Amended Complaint consist of Plaintiff's characterization of its Amended Complaint, to which no response is required. To the extent a response is required, Defendants admit only that Plaintiff purports to bring this action under FOIA and the Declaratory Judgment Act.

## PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1. To the extent a response is deemed required, Defendants deny them.

2. Defendants admit that HHS is a department in the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1), and that its headquarters are at 200 Independence Avenue, S.W., Washington, D.C. 20201. The remainder of paragraph 2 consists of legal conclusions to which no response is required.

3. Defendants admit that FDA is an agency in the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and a division of HHS, and that its headquarters are at 10903 New Hampshire Avenue, Silver Spring, MD 20993. The remainder of paragraph 3 consists of legal conclusions to which no response is required.

---

[1] For ease of reference, Defendants' Answer replicates the headings contained in the Amended Complaint, but to the extent those headings could be construed to contain factual allegations, those allegations are denied. Paragraph numbers correspond to those set forth in the Amended Complaint.

## JURISDICTION AND VENUE

4. Paragraph 4 consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

5. Paragraph 5 consists of legal conclusions regarding venue, to which no response is required. To the extent a response is deemed required, Defendants admit only that this Court has venue over claims involving proper FOIA requests, subject to the terms and limitations of FOIA.

6. Paragraph 6 consists of legal conclusions regarding exhaustion, to which no response is required. To the extent a response is deemed required, Defendants deny that they failed to comply with FOIA, and that Plaintiff is entitled to any of the relief sought.

## STATEMENT OF FACTS

7. Defendants admit that Plaintiff submitted five FOIA requests for records, one to HHS and four to FDA. Defendants state that these requests are the best evidence of their contents and respectfully refer the Court to the requests for complete and accurate statements of their contents and deny any allegations inconsistent therewith. *See* ECF No. 13, Exs. A, D, F, H, J.

### July 18, 2025 FOIA Request to FDA Regarding Review of Mifepristone

8. Defendants admit that Plaintiff submitted a FOIA request to FDA on July 18, 2025. Defendants state that this request is the best evidence of its contents and respectfully refer the Court to the request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

9. To the extent the allegations in paragraph 9 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the

records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P." or "Rule") 12(f).

10. To the extent the allegations in paragraph 10 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

11. To the extent the allegations in paragraph 11 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

12. To the extent the allegations in paragraph 12 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the

existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

13. To the extent the allegations in paragraph 13 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14. Furthermore, to the extent the allegations in paragraph 14 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f)

15. Admitted.
16. Admitted.
17. Admitted.
18. Admitted.

**July 21, 2025 FOIA Request to HHS Regarding Review of Mifepristone**

19. Defendants admit that Plaintiff submitted a FOIA request to HHS on July 21, 2025. Defendants state that this request is the best evidence of its contents and respectfully refer the Court to the request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

20. To the extent the allegations in paragraph 20 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

21. To the extent the allegations in paragraph 21 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22. Furthermore, to the extent the allegations in paragraph 22 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information

sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

23. Admitted.

24. Admitted.

### September 19, 2025 FOIA Request to FDA Regarding AI Tool Elsa

25. Defendants admit that Plaintiff submitted a FOIA request to FDA on September 19, 2025. Defendants state that this request is the best evidence of its contents and respectfully refer the Court to the request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

26. To the extent the allegations in paragraph 26 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

27. To the extent the allegations in paragraph 27 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

28. To the extent the allegations in paragraph 28 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

29. To the extent the allegations in paragraph 29 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30. Furthermore, to the extent the allegations in paragraph 30 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other

purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

31. Admitted.

32. Admitted.

33. Admitted.

**September 26, 2025 FOIA Request to FDA Regarding FAERS Reporting**

34. Defendants admit that Plaintiff submitted a FOIA request to FDA on September 26, 2025. Defendants state that this request is the best evidence of its contents and respectfully refer the Court to the request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

35. To the extent the allegations in paragraph 35 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

36. To the extent the allegations in paragraph 36 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

37. Construing paragraph 37 as intended to refer to Plaintiff's September 26, 2025 FOIA request (FOIA Request FDA-FOIA-2025-11324, *see* ECF No. 13, Ex. H), not Plaintiff's September 19, 2025 FOIA request, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Furthermore, to the extent the allegations in paragraph 37 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

38. Admitted.

39. Admitted.

40. Admitted.

**September 26, 2025 FOIA Request to FDA Regarding Environmental Impact**

41. Defendants admit that Plaintiff submitted another FOIA request to FDA on September 26, 2025. Defendants state that this request is the best evidence of its contents and respectfully refer the Court to the request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

42. To the extent the allegations in paragraph 42 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the

records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

43. To the extent the allegations in paragraph 43 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

44. To the extent the allegations in paragraph 44 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45. Furthermore, to the extent the allegations in paragraph 45 seek to provide background facts in support of allegations of public interest, Defendants admit there may be some public interest in the records sought but presently lack knowledge or information

sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims for relief or aver facts in support of a claim, and thus the Court should strike them as immaterial and impertinent matters pursuant to Fed. R. Civ. P. 12(f).

46. Admitted.

47. Admitted.

48. Admitted.

### FDA and HHS' Failure to Adequately Respond to the Center's FOIA Requests

49. Paragraph 49 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

### a. July 18, 2025 FOIA Request to FDA Regarding Review of Mifepristone

50. Admitted with respect to FOIA Request FDA-FOIA-2025-8830.

51. Paragraph 51 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

### b. July 21, 2025 FOIA Request to HHS Regarding Review of Mifepristone

52. Admitted with respect to FOIA Request 2025-03366-FOIA-OS.

53. Paragraph 53 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute

for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

### d. [*sic*] September 19, 2025 FOIA Request to FDA Regarding AI Tool Elsa

54. Admitted with respect to FOIA Request FDA-FOIA-2025-11105.

55. Paragraph 55 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

### e. [*sic*] September 26, 2025 FOIA Request to FDA Regarding FAERS Reporting

56. Admitted with respect to FOIA Request FDA-FOIA-2025-11324.

57. Paragraph 57 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

### f. [*sic*] September 26, 2025 FOIA Request to FDA Regarding Environmental Impact

58. Admitted with respect to FOIA Request FDA-FOIA-2025-11316.

59. Paragraph 59 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the cited statute for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

\* \* \*

60. Defendants admit that, as of the date of this filing, HHS has not released any records to Plaintiff in response to FOIA Request No. 2025-03366-FOIA-OS and FDA has not released any

records to Plaintiff in response to FOIA Request Nos. FDA-FOIA-2025-8830, FDA-FOIA-2025-11105, FDA-FOIA-2025-11324, or FDA-FOIA-2025-11316.

61. The allegations in paragraph 61 consist of legal conclusions to which no response is required.

## COUNT I

### Violation of FOIA, 5. U.S.C. § 552 – FOIA Requests to FDA

62. Defendants repeat and incorporate as if fully set forth herein their responses to paragraphs 1 through 61.

63. Paragraph 63 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that FDA is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).

64. Paragraph 64 sets forth legal conclusions, to which no response is required.

65. Paragraph 65 sets forth legal conclusions, to which no response is required.

66. Paragraph 66 sets forth legal conclusions, to which no response is required.

67. Paragraph 67 sets forth legal conclusions, to which no response is required.

68. Paragraph 68 sets forth legal conclusions, to which no response is required.

69. Paragraph 69 sets forth legal conclusions, to which no response is required.

70. Denied.

71. Denied.

72. Paragraph 72 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny that they have violated FOIA and further deny that Plaintiff is entitled to the relief requested.

73. Denied.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552 – FOIA Request to HHS

74.     Defendants repeat and incorporate as if fully set forth herein their responses to paragraphs 1 through 73.

75.     Paragraph 75 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that HHS is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1).

76.     Paragraph 76 sets forth legal conclusions, to which no response is required.

77.     Paragraph 77 sets forth legal conclusions, to which no response is required.

78.     Paragraph 78 sets forth legal conclusions, to which no response is required.

79.     Denied.

80.     Denied.

81.     Paragraph 81 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny that they have violated FOIA and further deny that Plaintiff is entitled to the relief requested.

82.     Denied.

### PRAYER FOR RELIEF

This paragraph consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

### DEFENSES

In further response to the Amended Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses

in this answer as the facts and circumstances giving rise to the Amended Complaint become known to Defendants throughout the course of this litigation. Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

1. Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to FOIA or the Privacy Act, 5 U.S.C. § 552a.

2. The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA. *See* 5 U.S.C. § 552.

3. To the extent the Amended Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA requests at issue, the Amended Complaint violates Fed. R. Civ. P. 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

4. Defendants have exercised due diligence in responding to Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to search for and process records, if any, responsive to Plaintiff's FOIA requests. *See* 5 U.S.C. § 552(a)(6)(C).

5. Plaintiff is neither eligible for nor entitled to attorneys' fees or costs.

6. Defendants have not improperly withheld records requested by Plaintiff under FOIA.

7. Plaintiff's requests fail to comply with the requirements of FOIA to the extent the requests fail to reasonably describe the records sought or present an unreasonably burdensome effort upon Defendants to search for, review, redact, and release any responsive records.

8. FOIA does not provide for declaratory relief against a federal agency.

Dated: January 16, 2026                                  Respectfully submitted,

                                                            JEANINE FERRIS PIRRO
                                                            United States Attorney

By:   */s/ William Thanhauser*
       WILLIAM THANHAUSER
       D.C. Bar No. 1737034
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20530
       (202) 252-7706
       William.Thanhauser@usdoj.gov

       *Attorneys for the United States of America*