UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| THE CENTER FOR REPRODUCTIVE RIGHTS,<br><br>          Plaintiff,<br><br>     v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>          Defendants. | Civil Action No. 25-3023 (RCL) |

## **JOINT STATUS REPORT**

Pursuant to this Court's Order (ECF No. 19), Plaintiff, the Center for Reproductive Rights ("CRR"), and Defendants, the U.S. Department of Health and Human Services ("HHS") and the U.S. Food and Drug Administration ("FDA"), by and through the undersigned counsel, respectfully file the following Joint Status Report in this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552:

1.      This case relates to five FOIA requests submitted by Plaintiff to HHS and FDA. Plaintiff filed the Amended Complaint on December 9, 2025 (ECF No. 13).  Defendants answered the Amended Complaint on January 16, 2026 (ECF No. 16).

2.      In the most recent joint status report (ECF No. 20), Defendants reported that they were in the process of analyzing Plaintiff's FOIA requests and collecting records potentially responsive to the requests.  The parties also noted that Plaintiff had proposed search terms and custodians for inclusion in FDA's and HHS's searches, and that discussions were ongoing on that issue.

3.      Since then, consistent with the Court's Order (ECF No. 19), HHS and FDA have each completed a search for potentially responsive records to Plaintiff's FOIA requests.[1]  HHS's search identified 867,196 pages of potentially responsive records; FDA's search identified approximately 800,000 to 2.8 million pages of potentially responsive records.  Further consistent with the Court's Order (ECF No. 19), HHS made a production on June 15, 2026.  As part of this production, HHS reviewed 522 pages, determined that 46 pages were responsive, and released 3 pages in part, and withheld the remaining 43 in full.  FDA, in turn, has made two productions.  The first production was completed on May 12, 2026, and, at Plaintiff's request, consisted of records released to another party that submitted a similar FOIA request.  As part of this production, FDA reviewed 409 pages and released 271 pages in whole or in part.  The second production was completed on June 15, 2026.  As part of this production, FDA reviewed and released 652 pages in whole or in part.  Moving forward, HHS estimates that it will process between 300 and 500 pages per month, and FDA estimates that it will process at least 200 pages per month, with rolling productions of available records on the 15th of each month. Given the volume of potentially responsive records, Plaintiff's position is that a rate of 400-500 pages per month for each agency is needed to avoid an unnecessarily prolonged timeline.

4.      Plaintiff has asked for clarification as to the platforms searched by Defendants to ensure that the agencies are searching for records responsive to the entirety of Plaintiff's FOIA

---

[1] HHS provided Plaintiff with the estimated total number of pages of potentially responsive records to be processed, and FDA and HHS made their first rolling monthly production by the Court-ordered deadline of June 15, 2026.  However, FDA did not provide Plaintiff with the estimated total number of potentially responsive records to be processed, and FDA and HHS did not provide Plaintiff with an estimated schedule for the processing of potentially responsive records until June 18, 2026.  Defendants advised that this information would be provided to Plaintiff by such date, as part of an omnibus email responding to additional requests from Plaintiff.  Plaintiff expressed concerns regarding further delay in the agencies providing the Court-ordered information.  Plaintiff expects that FDA and HHS will meet Court ordered deadlines going forward.

requests, which include responsive communications sent on messaging platforms and via text message. HHS and FDA have each confirmed that their searches are inclusive of certain platforms specified by Plaintiff (e.g., Outlook (inclusive of calendar invitations and attachments), SharePoint, OneDrive, and Teams).[2] Given the volume of potentially responsive records already identified, Defendants have asked that Plaintiff narrow its requests. To that end, Defendants have proposed that Plaintiff narrow its requests to specifically exclude certain materials. Plaintiff has agreed, in part, to Defendants' proposal, and discussions remain ongoing.

5.      Plaintiff has also asked that Defendants prioritize processing of certain records. At this stage, Defendants are willing to consider prioritization. Discussions remain ongoing, and Defendants have asked that the parties revisit prioritization in the near future.

6.      The parties have continued to discuss Plaintiff's proposed search terms and custodians. As part of those discussions, HHS agreed to using Plaintiff's proposed search terms and custodians in its search. FDA, in turn, conveyed to Plaintiff that, consistent with how it typically handles the processing of FOIA requests, the agency will complete its search, begin productions, and then, if CRR has any concerns, engage in any necessary negotiations. Plaintiff has reiterated its request that FDA agree to incorporate CRR's proposed search terms and custodians into its search or share with CRR the search terms and custodians FDA is using for CRR's feedback. FDA has not agreed to either proposal at this time, and CRR has reserved all rights to challenge the adequacy of the search.

7.      The parties will work together throughout this litigation to attempt to reduce the number of issues for the Court. The parties respectfully request that the Court order the parties to

---

[2] FDA has also informed Plaintiff that its search for potentially responsive records will include text messages (through inquiry to custodians) and shared drives. Discussions with HHS about additional sources encompassed by the scope of Plaintiff's FOIA request remain ongoing, but HHS has informed Plaintiff that its search will also include personal network devices.

file another joint status report on or before August 31, 2026, with additional joint status reports

due every sixty days thereafter.

Dated: June 30, 2026                                    Respectfully submitted,

                                                        JEANINE FERRIS PIRRO
                                                        United States Attorney

*/s/ Sabrina S. Merold*
SABRINA S. Merold
(D.C. Bar No. 1738065)                     By:   */s/ William Thanhauser*
Amanda K. Chuzi                                  WILLIAM THANHAUSER
(D.C. Bar No. D00627)                            D.C. Bar No. 1737034
Ryan Wheeler                                     Assistant United States Attorney
(D.C. Bar No. 1737408) (*pro hac vice*)          601 D Street, N.W.
smerold@cohenmilstein.com                        Washington, D.C. 20530
achuzi@cohenmilstein.com                         (202) 252-7706
rwheeler@cohenmilstein.com                       William.Thanhauser@usdoj.gov
COHEN MILSTEIN SELLERS &
TOLL LLP                                      *Attorneys for the United States of America*
1100 New York Ave. NW, Eighth Floor
Washington, DC 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699

*Counsel for Center for Reproductive Rights*